UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D
APR 2 2 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-76-JMH

MARK ANTHONY MCFARLAND, ET AL.                                    PLAINTIFFS

VS:            **<u>MEMORANDUM OPINION AND ORDER</u>**

JOE BOOKER, ET AL.                                                DEFENDANTS

The plaintiffs, Mark Anthony McFarland, Peter Ballinger, and Ronald K. Jones, being incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), filed a *pro se* complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Simultaneously, an insufficient Motion for Leave to Proceed *In Forma Pauperis* [Record No. 2] was also filed. A Deficiency Order was issued [Record No. 3]. Only Plaintiff McFarland responded. Because Plaintiffs Ballinger and Jones have not filed a response and have not cured the deficiencies, this action is dismissed insofar as it is brought by either Ballinger or Jones.

Plaintiff McFarland alleges that deliberate indifference is being exhibited to the serious medical needs of FMC-Lexington inmates, generally. He also asserts that FMC-Lexington inmates, generally, are subjected to conditions of confinement that constitute cruel and unusual punishment. Thus, two Eighth Amendment claims are asserted.

<u>Exhaustion of Administrative Remedies</u>

The plaintiff is required to have exhausted his administrative remedies prior to bringing this

1

action. Pursuant to 42 U.S.C. §1997e(a), "no action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." The plaintiff was required to submit all documents proving that he exhausted his administrative remedies or to describe the outcome of the administrative proceedings when he filed his complaint, not at some later date. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). The plaintiff did not address the issue of exhaustion of administrative remedies within his initial complaint and, thus, he was notified by the Court that his complaint was deficient [Record No. 3]. Thereafter, no information has been forthcoming regarding exhaustion of administrative remedies. The plaintiff's complaint is subject to dismissal for his failure to sufficiently plead that he had previously exhausted his administrative remedies with regard to the herein asserted claims. Consequently, this action must be dismissed for failure to exhaust administrative remedies.

## Motion to Amend

The plaintiff has sought to amend his 42 U.S.C §1997e(a) non-compliant complaint [Record No. 5]. This he may not do. *See* 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Arbuckle v. Bouchard*, 92 Fed.Appx. 289, 2004 WL 542170 (6th Cir. (Mich.) March 16, 2004) (unpublished disposition) (citing *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)); *Baker v. Thomas*, 86 Fed.Appx. 906, 2004 WL 193202 (6$^{th}$Cir. (Ky.)) (unpublished disposition) (citing *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)). To the extent the plaintiff seeks an opportunity to amend the complaint [Record No. 5], for a district court to deny such a request is not an abuse of discretion. *Id.* The plaintiff's Motion to Amend [Record No. 5] must be denied.

2

<u>Class Action Certification</u>

The plaintiff seeks for the Court to certify this action as a Federal Rule of Civil Procedure 23 class action. It is construed the plaintiff is bringing a motion pursuant to Federal Rule of Civil Procedure 23 to have this case maintained as a class action. Rule 23 sets forth that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed.R.Civ.P. 23(c). A district court is not required to determine whether a plaintiff's complaint should be maintained as a class action before the court may dismiss the entire action. *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985).

A class should not be certified in this case. The plaintiff cannot proceed as a class action because *pro se* prisoners are not adequate class representatives able to fairly represent the class. *Palasty v. Hawk*, 15 Fed.Appx. 197, 2001 WL 857209 (6th Cir. (Ky.)) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1985)); *see also Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981). Consequently, this action should not be certified as a class action.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

(2) Plaintiff's Motion to Appoint Counsel [Record No. 4] is **DENIED**.

(3) Plaintiff's construed motion for class action certification [Record No. 5] is **DENIED**.

This the 22d day of April, 2005.

JOSEPH M. HOOD, JUDGE

Date of Entry and Service:

4